℀JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Milligan & Company, LLC

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Long, Marmero & Mayer, LLP
75 Cooper Street
Woodbury, NJ  08096

## DEFENDANTS

Maxine Marshall, Jonathan Potts,
THE DPMG Group, Inc., Interactive Elements, Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Alleged tortious interference with prospective contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  165,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
2/14/06

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Milligan and Company, LLC, 105-107 North 22nd Street, Suite 200

Address of Plaintiff: Philadelphia, PA  19103

Interactive Elements, Inc., 60 East 42nd Street

Address of Defendant: New York, NY  10165

Place of Accident, Incident or Transaction: Plaintiff alleges the transaction occurred in

Philadelphia, Pennsylvania.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:    alleged

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: February 14, 2006         Paul G. Nofer                    PA 52241

Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/14/06

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Milligan & Company, LLC          :
                                 :
              v.                 :          Civil Action
                                 :          No: _____
Maxine Marshall, et al.          :
                                 :

DISCLOSURE STATEMENT FORM

Please check one box:

☒     The nongovernmental corporate party, Interactive Elements, Inc. , in the
      above listed civil action does not have any parent corporation and publicly held
      corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, _____, in the
      above listed civil action has the following parent corporation(s) and publicly held
      corporation(s) that owns 10% or more of its stock:

_____

_____

_____

February 1 4, 2006          _____
_____                    Signature
     Date

              Counsel for:  Interactive Elements, Inc.
              _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
        (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
        (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
        (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition,
               motion, response, or other request addressed to the court, and
        (2)    promptly file a supplemental statement upon any change in the
               information that the statement requires.

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Milligan  & Company, LLC                    :
                                            :
           v.                               :          Civil Action
                                            :          No: _____
Maxine Marshall, et al.                     :
                                            :

### DISCLOSURE STATEMENT FORM

Please check one box:

☑            The nongovernmental corporate party, Interactive Elements, Inc.
             above listed civil action does not have any parent corporation and publicly held
             corporation that owns 10% or more of its stock.

❑            The nongovernmental corporate party, _____, in the
             above listed civil action has the following parent corporation(s) and publicly held
             corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

February 1 4, 2006                    _____
_____                     Signature
       Date

                  Counsel for:   Interactive Elements, Inc.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
       (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
              (1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                    motion, response, or other request addressed to the court, and
              (2)   promptly file a supplemental statement upon any change in the
                    information that the statement requires.

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Milligan & Company, LLC

:                              CIVIL ACTION
:
            v.                  :
Maxine Marshall, et al.         :
                                :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


| | | |
|---|---|---|
| 2/14/06 | Paul G. Nofer | Interactive Elements, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-3287 | 215-568-6603 | pnofer@klehr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MILLIGAN AND COMPANY, LLC<br>105-107 North 22nd Street, Suite 200<br>Philadelphia, Pennsylvania 19103<br><br>*Plaintiff,*<br><br>v.<br><br>MAXINE MARSHALL<br>2423 Killdeer Street<br>New Orleans, Louisiana 70122;<br><br>JONATHAN POTTS<br>2423 Killdeer Street<br>New Orleans, Louisiana 70122;<br><br>THE DMP GROUP, INC.<br>2423 Killdeer Street<br>New Orleans, Louisiana 70122; and<br><br>INTERACTIVE ELEMENTS, INC.<br>60 East 42nd Street<br>New York, New York 10165<br><br>*Defendants.* | ) <br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Interactive Elements, Inc.

("Interactive Elements") removes the action styled *Milligan and Company, LLC v. Maxine Marshall*

*et al.*, January 2006 Term, No. 003076 from the Philadelphia County Court of Common Pleas to

this Court.

    1.    The complaint in this case was served on January 30, 2006. A copy of all process,

pleadings, and orders served upon Interactive Elements in this action is attached hereto as

Exhibit A.

2.      This Notice of Removal has been filed within thirty (30) days of Interactive Elements' receipt of the complaint as required by 28 U.S.C. § 1446.

3.      Removal to this Court is proper pursuant to 28 U.S.C. § 1441 as the state court action is pending within this district.

4.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      By filing this Notice of Removal, defendant Interactive Elements does not waive its right to contest the Court's exercise of personal jurisdiction over Interactive Elements.

6.      Plaintiff Milligan and Company is a Pennsylvania limited liability company with its principal place of business in Philadelphia, Pennsylvania.

7.      Defendant Interactive Elements is a New York corporation with its principal place of business in New York.

8.      Defendant Maxine Marshall has her domicile in Louisiana.

9.      Defendant Jonathan Potts has his domicile in Louisiana.

10.     Defendant The DMP Group, Inc. is a Delaware corporation with its principal place of business in Louisiana.

11.     Plaintiff alleges claims for tortious interference with prospective contractual relations, unfair competition and civil conspiracy against each of the defendants in the amount of $165,000.00.  With respect to defendant Marshall, plaintiff also alleges claims for procuring information by improper means, breach of contract, breach of fiduciary duty of loyalty and seeks treble and punitive damages.

- 2 -

12.     Pursuant to 28 U.S.C. § 1446, promptly after this notice is filed, Interactive shall

give written notice to plaintiff and the Philadelphia County Court of Common Pleas, Trial

Division, in the form attached hereto as Exhibits B and C, that this case has been removed to this

Court.

13.     Defendants Maxine Marshall, Jonathan Potts, and the DMP Group, Inc., consent

to the removal of this action. Their Consent to Removal is attached hereto as Exhibit D.

WHEREFORE, removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully Submitted,

Paul G. Nofer
PA Bar No. 52241
Dawn N. Zubrick
PA Bar No. 90732
KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS, LLP
260 South Broad Street
Philadelphia, Pennsylvania 19102-5003
(215) 569-3287 (telephone)
(215) 568-6603 (facsimile)
pnofer@Klehr.com

*Attorneys for Defendant Interactive Elements, Inc.*

Of Counsel

Matthew D. Schwartz, Esquire
Ryan K. Manger, Esquire
  THOMPSON COBURN LLP
  1909 K Street, N.W., Suite 600
  Washington, D.C. 20006-1167
  (202) 585-6900 (telephone)
  (202) 585-6969 (facsimile)

*Attorneys for Defendant Interactive Elements, Inc.*

February 14, 2006

- 3 -

# EXHIBIT A

JANUARY 2006

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

003076

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Milligan & Company, LLC | Maxine Marshall |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 105-107 North 22nd Street, Suite 200<br>Philadelphia, PA 19103 | 2423 Killdeer Street<br>New Orleans, LA 70122 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Jonathan Potts |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2423 Killdeer Street<br>New Orleans, LA 70122 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | The DMP Group, Inc. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2423 Killdeer Street<br>New Orleans, LA 70122 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☑ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☑ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: _____ | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☑ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE (SEE INSTRUCTIONS) |
|---|
| 10 |

| STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS) |
|---|
| N/A |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? | |
|---|---|---|
| | Yes | No |
| N/A | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Gina M. Zippilli | 75 Cooper Street |

| PHONE NUMBER | FAX NUMBER | Woodbury, New Jersey 0809 |
|---|---|---|
| (856) 848-6440 | (856) 848-5002 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 89789 | |

| SIGNATURE | DATE |
|---|---|
| *Gina M. Zippilli* | 1-18-06 |

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet
## *(Supplemental Parties)*

| For Prothonotary Use Only (Docket Number) |
|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Milligan & Company, LLC | Interactive Elements, Inc. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 105-107 North 22nd Street, Suite 200, Philadelphia, PA 19103 | 342 Madison Ave., New York, NY 10173 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

01-102

Milligan and Company, LLC                                    Maxine Marshall

### EXHIBIT A

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

___ 1.    Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

___ 2.    Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:
    ___ a.    Uniform Commercial Code transactions;
    ___ b.    Purchases or sales of business or the assets of businesses;
    ___ c.    Sales of goods or services by or to business enterprises;
    ___ d.    Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
    ___ e.    Surety bonds;
    ___ f.    Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
    ___ g.    Franchisor/franchisee relationships.

___ 3.    Actions relating to trade secret or non-compete agreements;

✓ 4.    "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

___ 5.    Actions relating to intellectual property disputes;

___ 6.    Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

___ 7.    Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

___ 8.    Actions relating to corporate trust affairs;

___ 9.    Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

___ 10.    Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

THIS IS NOT AN ARBITRATION CASE
THIS IS ASSIGNED TO THE COMMERCE PROGRAM
AN ASSESSMENT ON DAMAGES HEARING IS NOT REQUIRED

GINA M. ZIPPILLI
ATTY. I.D. NO.: 89789
LONG, MARMERO & MAYER, LLP
75 COOPER STREET
WOODBURY, NEW JERSEY 08096
(856) 848-6440

ATTORNEY FOR MILLGAN
AND COMPANY, LLC



---

**MILLIGAN AND COMPANY, LLC**
105-107 North 22nd Street
Suite 200
Philadelphia, PA 19103
      Plaintiff,

ATTES
JAN 2 0 2006
J. COURTNEY

v.

**MAXINE DEFENDANT MARSHALL**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**JONATHAN POTTS**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**THE DMP GROUP, INC.**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**INTERACTIVE ELEMENTS, INC.**
60 East 42nd Street, Rm 535
New York, New York 10165
        Defendant.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION

**JANUARY 2006**

2005 Term

003076

No.:

**NOTICE TO DEFEND**

DISCOVERY DEADLINE:

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. Be warned if you fail to respond the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO LEARN WHERE YOU CAN OBTAIN LEGAL HELP.**

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, PA 19107
(215) 238-1701

2

Commonwealth of Pennsylvania
County of Philadelphia

GINA M. ZIPPILLI
ATTY. I.D. NO.: 89789
LONG, MARMERO & MAYER, LLP
75 COOPER STREET
WOODBURY, NEW JERSEY 08096
(856) 848-6440

---

**MILLIGAN AND COMPANY, LLC**
105-107 North 22nd Street
Suite 200
Philadelphia, PA 19103
        Plaintiff,

v.

**MAXINE MARSHALL**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**JONATHAN POTTS**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**THE DMP GROUP, INC.**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**INTERACTIVE ELEMENTS, INC.**
342 Madison Avenue
New York, New York 10173
        Defendant.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION

2005 Term

No.:

**CIVIL ACTION SUMMONS**

To:   The DMP Group, Inc.
      2423 Killdeer Street
      New Orleans, LA 70122

    You are hereby notified, Milligan and Company, LLC, Plaintiff, has commenced an action against you.

Date:  December 29, 2005

                                          Seal of the Court
                                          Prothonotary

                                          By: _____
                                               Deputy

THIS IS NOT AN ARBITRATION CASE
THIS IS ASSIGNED TO THE COMMERCE PROGRAM
AN ASSESSMENT ON DAMAGES HEARING IS NOT REQUIRED

GINA M. ZIPPILLI
ATTY. I.D. NO.: 89789
LONG, MARMERO & MAYER, LLP
75 COOPER STREET
WOODBURY, NEW JERSEY 08096
(856) 848-6440

ATTORNEY FOR MILLGAN
AND COMPANY, LLC

---

**MILLIGAN AND COMPANY, LLC**
105-107 North 22nd Street
Suite 200
Philadelphia, PA 19103
        Plaintiff,

  v.

**MAXINE MARSHALL**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**JONATHAN POTTS**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**THE DMP GROUP, INC.**
2423 Killdeer Street
New Orleans, LA 70122
        Defendant,

and;

**INTERACTIVE ELEMENTS, INC.**
342 Madison Avenue
New York, New York 10173
        Defendant.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION

2005 Term

No.:

**CIVIL ACTION COMPLAINT**

## PARTIES

1.    Plaintiff, Milligan and Company, LLC ("Milligan"), is a Pennsylvania limited liability company with a principal address of 105 North 22nd Street, Suite 200, Philadelphia, PA 19103.  Milligan is in the accounting and consulting business.

2.    Defendant, Maxine Defendant Marshall ("Defendant Marshall") and Defendant Jonathan Potts ("Defendant Potts), husband and wife irrespectively, are citizens of the State of New Orleans with a principal residence of 2423 Killdeer Street, New Orleans, LA 70122.  Defendants Potts is President of Defendant DMP.

3.    The DMP Group, Inc. ("Defendant DMP") is a Delaware-domiciled corporation, located at 1313 North Market Street, Wilmington, DE 19801-1151.  DMP is also a non-Louisiana business corporation located at 2423 Killdeer Street, New Orleans, LA 70122.

4.    Interactive Elements, Inc. ("Defendant Interactive") is a New York domestic business corporation with a registered address of 342 Madison Avenue, New York, NY 10173.

## JURISDICTION

5.    This Court has specific personal jurisdiction because Defendant Marshall was employed by a Pennsylvania company and executed an employment contract drafted in Pennsylvania; Defendant Potts received money from a Pennsylvania company, he conducted business in Pennsylvania and reached out into Pennsylvania with the purpose of harming a Pennsylvania company; Defendant DMP and Defendant Interactive reached into Pennsylvania and availed themselves of its benefits.  See 42 P.a.C.S.A. § 5322.

6.    Venue is proper pursuant to Pa.R.C.P. No. 1006 because Philadelphia County is where the transaction or occurrence took place out of which this cause of action arose.

## FACTS

7.    Milligan is a full-service consulting and certified public accounting firm with a national client base.

8.    Defendant Marshall was an employee of Milligan.

9.    On or about February 27, 1997, Defendant Marshall entered into an employment contract with Milligan whereupon she was prohibited from soliciting, competing for, or assisting any other party in soliciting or competing for any business held by or actively solicited by Milligan.  See Employment Contract, attached as Exhibit "A".

2

10.     Defendant Potts is the owner of Defendant DMP, a rival business company that also provides accounting services.

11.     Since 1991, the Federal Transit Administration (the "FTA") has awarded numerous contracts to Milligan.

12.     FTA's last award to Milligan was 1.5 million dollars ("Previous Award").

13.     Defendant DMP acted as subcontractor on a number of these contracts awarded to Milligan by FTA.

14.     On or about March 4, 1997 until on or about December 1, 2004, Defendant Marshall was Milligan's full time project manager on several projects, including the Triennial Review projects; contracted to Milligan by the FTA.

15.     As project manager, Defendant Marshall had constant access to confidential information regarding Milligan's business, including bid information.

16.     Defendant Marshall is the wife of Defendant Potts.

17.     In July of 2004, Milligan received a Request for Proposal ("RFP") from the FTA for new Triennial Review Tasks ("Triennial").

18.     Milligan subsequently created a response team (the "Team") for RFP, of which Defendant Marshall was an integral part.

19.     In November 2004, the Team prepared a proposal ("Latest Proposal") for work nearly identical to work it previously did for FTA under the Previous Award, which contained confidential and pertinent information regarding Milligan's planned bid on Triennial.

20.     Milligan was entitled to 15% profit revenue under the Latest Proposal.

21.     Defendant Marshall was involved in the proposal process and therefore knew the financial specifics of same.

22.     Defendant Marshall resigned from Milligan on December 1, 2004, one day before proposals were to be submitted to FTA for Trennial.

23.     Defendant Marshall neglected to tell Milligan her resignation was due to her accepting a position at Defendant Pott's rival business.

24.     Unbeknownst to Milligan, Defendant DMP became a subcontractor of Defendant Interactive.

25.     Thus, Defendant DMP was collaborating with one of Milligan's competitors on the very same RFP for the Triennial Review Tasks.

3

26.    Upon information and belief, Defendant Marshall used confidential and work product information obtained from her work with Milligan's Team to assist Defendant Potts, Defendant DMP and Defendant Interactive to diminish the value of Milligan's proposal.

27.    Rather than the previous 1.5 million award, FTA only awarded a $400,000.00 contract to Milligan for nearly identical work.

28.    As a result, Milligan suffered a $165,000.00 profit loss.

## COUNT I – DEFENDANT MARSHALL
## TORTIOUS INTERFERENCE WITH PROSPECTIVE
## CONTRACTUAL RELATIONS

29.    The allegations in paragraphs 1 through 28, above, are incorporated herein by reference and made part hereof.

30.    From July 2004 through December 2004, Milligan and FTA engaged in business for consulting services.

31.    Defendant Marshall knew of Milligan's prospective contract with FTA and was involved in securing same.

32.    Upon information and belief, Defendant Marshall informed Defendant Potts, Defendant DMP and Defendant Interactive of said contract and its terms.

33.    Upon information and belief, after learning of Milligan's proposal Defendant Marshall transferred said information to Defendant Potts and Defendant DMP, who thereafter submitted same to Defendant Interactive.

34.    Defendant Interactive thereafter submitted a competitive proposal to FTA and was awarded the majority bid.

35.    The actions on the part of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive were intended to, and in fact did, harm Milligan.

36.    Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive cannot claim justification or validation for their actions.

37.    As a direct result of Defendant Marshalls, Defendant Potts, Defendant DMP and Defendant Interactive's actions, FTA awarded the majority of contract work to Defendant Interactive and awarded a contract to Milligan, which was 75% less then previously assigned, and nearly identical, work.

38.    Milligan has suffered substantial damages by loss of contract value.

4

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall, jointly and severally with Defendant Potts, Defendant DMP and Defendant Interactive, in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT II – DEFENDANT POTTS
## TORTIOUS INTERFERENCE WITH PROSPECTIVE
## CONTRACTUAL RELATIONS

39.     The allegations in paragraphs 1 through 38, above, are incorporated herein by reference and made part hereof.

40.     From July 2004 through December 2004, Milligan and FTA engaged in business for consulting services.

41.     Upon information and belief, Defendant Potts, knew or had reason to know, of Milligan's prospective contract with FTA.

42.     Upon information and belief, Defendant Potts, as principal of Defendant DMP transferred the bid terms to Interactive.

43.     Upon information and belief, Defendant Potts intended Interactive to use said information to submit a competitive bid.

44.     Defendant Interactive thereafter submitted a competitive proposal to FTA and was awarded the majority bid.

45.     The actions on the part of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive were intended to, and in fact did, harm Milligan.

46.     Neither Defendant Marshall, Defendant Potts, Defendant DMP nor Defendant Interactive can claim any justification or validation for their actions.

47.     As a direct result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions, FTA awarded the majority of contract work to Defendant Interactive and awarded a contract to Milligan that was 75% less then previously assigned, and nearly identical, work.

48.     Milligan has suffered substantial damages by loss of contract value.

5

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Potts, jointly and severally with Defendant Marshall, Defendant DMP and Defendant Interactive in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT III – DMP
## TORTIOUS INTERFERENCE WITH PROSPECTIVE
## CONTRACTUAL RELATIONS

49.     The allegations in paragraphs 1 through 48, above, are incorporated herein by reference and made part hereof.

50.     From July 2004 through December 2004, Milligan and FTA engaged in business for consulting services.

51.     Upon information and belief, Defendant DMP knew, or should have known, of Milligan's prospective contract with FTA.

52.     Upon information and belief, Defendant DMP, through its principal Defendant Potts, knew of said contract and its terms.

53.     Upon information and belief, after learning of Milligan's proposal Defendant DMP transferred the confidential bid information to Defendant Interactive.

54.     Defendant Interactive thereafter submitted a competitive proposal to FTA and was awarded the bid.

55.     The actions on the part of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive were intended to, and in fact did, harm Milligan.

56.     Neither Defendant Marshall, Defendant Potts, Defendant DMP nor Defendant Interactive can claim any justification or validation for their actions.

57.     As a direct result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions, FTA awarded the majority of contract work to Defendant Interactive and awarded a contract to Milligan that was 75% less then previously assigned, and nearly identical, work.

58.     Milligan has suffered substantial damages by loss of contract value.

6

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against DMP, jointly and severally with Defendant Marshall, Defendant Potts, and Defendant Interactive in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

### COUNT IV – DEFENDANT INTERACTIVE
### TORTIOUS INTERFERENCE WITH PROSPECTIVE
### CONTRACTUAL RELATIONS

59.    The allegations in paragraphs 1 through 58, above, are incorporated herein by reference and made part hereof.

60.    From July 2004 through December 2004, Milligan and FTA engaged in business for consulting services.

61.    Upon information and belief, Defendant Interactive knew, or should have known, of Milligan's prospective contract with FTA.

62.    Upon information and belief, Defendant Interactive knew of said contract and its terms.

63.    Upon information and belief, after learning of Milligan's proposal Defendant Interactive obtained and used Milligan's bid information to submit a competitive proposal.

64.    The FTA awarded the majority bid to Defendant Interactive.

65.    The actions on the part of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive were intended to, and in fact did, harm Milligan.

66.    Neither Defendant Marshall, Defendant Potts, Defendant DMP nor Defendant Interactive can claim any justification or validation for their actions.

67.    As a direct result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions, FTA awarded the majority of contract work to Defendant Interactive and awarded a contract to Milligan that was 75% less then previously assigned, and nearly identical, work.

68.    Milligan has suffered substantial damages by loss of contract value.

7

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Interactive, jointly and severally with Defendant Marshall, Defendant Potts, and Defendant DMP in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT VI – DEFENDANT MARSHALL
## PROCURING INFORMATION BY IMPROPER MEANS

69.     The allegations in paragraphs 1 through 68, above, are incorporated herein by reference and made part hereof.

70.     Defendant Potts and Milligan are rival business competitors.

71.     Upon information and belief, Defendant Marshall obtained Milligan's bid information and transferred same to Defendant Potts, eventually allowing Defendant Interactive to submit a lower bid to FTA.

72.     Milligan's bid is confidential business information.

73.     Defendant Marshall ascertained Milligan's bid information by improper means due to her fraudulent misrepresentation of loyalty to Milligan.

74.     Defendant Marshall knew her concealment of motives was deceitful; that Milligan had no knowledge at that time Defendant Marshall was planning on resigning to work for Defendant Potts; and Milligan would rely on Defendant Marshall to protect Milligan's business interests.

75.     As a result of Defendant Marshall's fraud, Milligan lost the substantial review work and has suffered at least $165,000.00 in damages.

WHEREFORE, Milligan demands treble damages against Defendant Marshall in the amount of $495,000.00, plus interest and costs.

## COUNT VII – DEFENDANT MARSHALL
## BREACH OF CONTRACT

76.     The allegations in paragraphs 1 through 75, above, are incorporated herein by reference and made part hereof.

77.     Milligan has at all times performed the terms of the employment contract to be performed on its part in the manner specified in same.

8

78.    Defendant Marshall and Defendant Potts knew FTA was a former, current and potential client of Milligan.

79.    Defendant Marshall failed to perform terms of the employment contract because Defendant Marshall solicited, competed for, and assisted Defendant Potts in soliciting and competing for business actively solicited by Milligan during Defendant Marshall's course of employment and beyond.

80.    As a result of Defendant Marshall's breach of the employment contract, Milligan has been damaged in the following particulars: loss of contract award; loss of revenue attached to such award; and loss of future business with contractor.

WHEREFORE, Milligan requests judgment against Defendant Marshall for damages, together with attorney's fees and costs of suit, and any other relief the court deems proper.

## COUNT VIII – DEFENDANT MARSHALL
## BREACH OF FIDUCIARY DUTY OF LOYALTY

81.    The allegations in paragraphs 1 through 80, above, are incorporated herein by reference and made part hereof.

82.    Defendant Marshall, as Project Manager of Milligan, was an agent of Milligan and therefore had a duty of loyalty to it.

83.    Defendant Marshall was entrusted with confidential and delicate financial information, which if divulged to competitors would be detrimental to Milligan's endeavors to secure the FTA contract.

84.    Both Defendant Marshall and Defendant Potts knew Milligan was soliciting FTA for its contract award.

85.    During her employment with Milligan, Defendant Marshall actively engaged and worked with Defendant Potts diverting FTA awards by improperly obtaining and disclosing Milligan's confidential bid information and submitting same to Defendant Potts and Defendant DMP.

86.    Defendant Potts and Defendant DMP, competitors of Milligan, have conflicting interests with Milligan.

87.    Defendant Marshall's acts constitute a breach of fiduciary duty to Milligan.

9

88.    As a result of Defendant's actions, Milligan suffered substantial loss of revenue.

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT IX – DEFENDANT MARSHALL
## UNFAIR COMPETITION

89.    The allegations in paragraphs 1 through 88, above, are incorporated herein by reference and made part hereof.

90.    Defendant Marshall's theft and disclosure of Milligan's confidential bid information constitutes unfair competition.

91.    Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's acts' crippled and destroyed an integral part of Milligan's business organization by inducing FTA, one of Milligan's largest clients, not to award a substantial contract to Milligan.

92.    As a result of her actions, Millgan suffered a severe loss of revenue.

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT X – DEFENDANT POTTS
## UNFAIR COMPETITION

93.    The allegations in paragraphs 1 through 92, above, are incorporated herein by reference and made part hereof.

94.    Defendant Potts knew or had reason to know through intimate dealings with Defendant Marshall the confidential bid information he obtained from Defendant Marshall was wrongfully acquired.

95.    Defendant Potts' use and transmittal of said confidential bid information constitutes unfair competition.

96.    As a result of his actions, Millgan suffered a severe loss of revenue.

10

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Potts in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT XI – DEFENDANT DMP
## UNFAIR COMPETITION

97.    The allegations in paragraphs 1 through 96, above, are incorporated herein by reference and made part hereof.

98.    Defendant DMP knew or had reason to know through intimate dealings with Defendant Marshall the confidential bid information it obtained from Defendant Marshall was wrongfully acquired.

99.    Defendant DMP's use and transmittal of said confidential bid information to Defendant Interactive constitutes unfair competition.

100.    As a result of its actions, Millgan suffered a severe loss of revenue.

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant DMP in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT XII – DEFENDANT INTERACTIVE
## UNFAIR COMPETITION

101.    The allegations in paragraphs 1 through 100, above, are incorporated herein by reference and made part hereof.

102.    Defendant Interactive knew or had reason to know through intimate dealings with Defendant Marshall the confidential bid information it obtained from Defendant Marshall was wrongfully acquired.

103.    Defendant Interactive's use of said confidential bid information constitutes unfair competition.

104.    As a result of its actions, Millgan suffered a severe loss of revenue.

11

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Interactive in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT XIII – DEFENDANT MARSHALL
### CIVIL CONSPIRACY

105.   The allegations in paragraphs 1 through 104, above, are incorporated herein by reference and made part hereof.

106.   Upon information and belief, Defendant Marshall disclosed Milligan's confidential business information to Defendant Potts and Defendant DMP.

107.   Defendant Marshall, Defendant Potts and Defendant DMP knew FTA was a former and potential client of Milligan.

108.   Defendant Marshall's disclosure of confidential information was a restrictive business practice and therefore constitutes an unlawful act.

109.   Defendant Marshall's transfer of said information to Defendant Potts, Defendant DMP and Defendant Interactive for unlawful means is an overt act.

110.   Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, agreed and intended to harm Milligan by soliciting FTA's business based on the disclosed information.

111.   As a result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions', Millgan suffered a severe loss of revenue.

WHEREFORE, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, jointly and severally, in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

12

## COUNT XIV – DEFENDANT POTTS
## CIVIL CONSPIRACY

112.    The allegations in paragraphs 1 through 111, above, are incorporated herein by reference and made part hereof.

113.    Upon information and belief, Defendant Marshall disclosed Milligan's confidential business information to Defendant Potts, Defendant DMP and Defendant Interactive.

114.    Defendant Potts, through relations with Defendant Marshall, knew, or should have known, FTA was a former and potential client of Milligan.

115.    Defendant Pott's acceptance and use of improperly obtained confidential information was a restrictive business practice and therefore constitutes an unlawful act.

116.    Defendant Pott's transfer of same to Defendant Interactive for unlawful means is an overt act.

117.    Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, agreed and intended to harm Milligan by soliciting FTA's business based on the disclosed information.

118.    As a result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions', Millgan suffered a severe loss of revenue.

**WHEREFORE**, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, jointly and severally in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT XV – DMP
## CIVIL CONSPIRACY

119.    The allegations in paragraphs 1 through 118, above, are incorporated herein by reference and made part hereof.

120.    Upon information and belief, Defendant Marshall disclosed Milligan's confidential business information to Defendant DMP.

121.    Defendant DMP, through its dealings with Defendant Marshall and Defendant Potts, knew, or should have known, FTA was a former and potential client of Milligan.

13

122.    Defendant DMP's acceptance and use of confidential information was a restrictive business practice and therefore constitutes an unlawful act.

123.    Defendant DMP's transfer of said information to Defendant Interactive for unlawful means is an overt act.

124.    Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, agreed and intended to harm Milligan by soliciting FTA's business based on the disclosed information.

125.    As a result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions', Millgan suffered a severe loss of revenue.

   **WHEREFORE**, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, jointly and severally, in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT XVI – DEFENDANT INTERACTIVE
## CIVIL CONSPIRACY

126.    The allegations in paragraphs 1 through 125 above, are incorporated herein by reference and made part hereof.

127.    Upon information and belief, Defendant Marshall disclosed Milligan's confidential business information to Defendant Interactive.

128.    Defendant Interactive, through intimate dealings with Defendant Marshall, Defendant Potts and Defendant DMP, knew, or should have known, FTA was a former and potential client of Milligan.

129.    Defendant Interactive's use of said information to prepare its own bid submittal was a restrictive business practice and therefore constitutes an unlawful act.

130.    Defendant Interactive use and supply of said information to FTA for unlawful means is an overt act.

131.    Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, agreed and intended to harm Milligan by soliciting FTA's business based on the disclosed information.

14

132.    As a result of Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive's actions', Millgan suffered a severe loss of revenue.

**WHEREFORE**, Milligan respectfully requests this Court to enter judgment in its favor and against Defendant Marshall, Defendant Potts, Defendant DMP and Defendant Interactive, jointly and severally, in the amount of $165,000.00 plus attorneys' fees, costs of suit and any other relief this Court deems just and proper.

## COUNT XVII
## PUNITIVE DAMAGES

133.    The allegations in paragraphs 1 through 132, above, are incorporated herein by reference and made part hereof.

134.    Defendant Marshall's intentional fraudulent misrepresentations and intentional fraudulent concealments were outrageous and malicious, willful and wanton, and were intended to, and in fact did, harm Milligan.

**WHEREFORE**, Milligan demands punitive damages against Defendant Marshall in an amount in excess of $1.5 million dollars plus interest and costs.

_____

Gina M. Zippilli
Attorney for Milligan & Company, LLC

Dated:  December 29, 2005

15

## VERIFICATION

Gina M. Zippilli, being duly sworn according to law, deposes and says she is the attorney for the Milligan in this matter and the facts set forth in the foregoing are true and correct to the best of her knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. Subsection 4904, relating to unsworn falsification to authorities.

_____
Gina M. Zippilli

**SWORN** to and subscribed before me this 29th day of December, 2005.

_____
Nyetta Fields, Notary Public

My commission expires 2007.

16

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Gina M. Zippilli, being duly sworn, upon oath, deposes and says as follows:

1. I am the attorney for Milligan and Company, LLC, Plaintiff in the above-entitled cause. On December 29, 2005, I caused to be transmitted, by a form of mail requiring a signed receipt, a copy of the complaint filed in this action to the following:

Milligan and Company, LLC
105-107 North 22nd Street
Suite 200
Philadelphia, PA 19103

Maxine Defendant Marshall
2423 Killdeer Street
New Orleans, LA 70122

Jonathan Potts
2423 Killdeer Street
New Orleans, LA 70122

The DMP Group, Inc.
2423 Killdeer Street
New Orleans, LA 70122

Interactive Elements, Inc.
342 Madison Ave.
New York, NY 10173

A copy of my transmittal letter is attached hereto as Exhibit "B".

Gina M. Zippilli

**SWORN** to and subscribed
before me this _26h_ day of
December, 2006.

Nyetta Fields, Notary Public

17

EXHIBIT A



Mrs. Maxine A. Marshall
February 24, 1997
Page No. 2

Fees
All fees and compensation received or realized as a result of the rendition of professional services by you on the above mentioned contract with FTA shall belong to and be paid and delivered to JMCPA.

Restrictive Practice
During your employment by JMCPA, you shall not be prohibited from accepting assignments from other parties provided that such other assignments do not interfere with you performing work assigned to you by JMCPA and that you notify JMCPA of the nature of such work. You further agree that during the term of this agreement you will not solicit or compete for, or assist any other party in soliciting or competing for, any business held or actively solicited by JMCPA.

Salary
The salary for this position is $50 per hour to be paid at a full-time level through September 30, 1997 with the expectation that the level of effort will slow to 80% thereafter. It is expected that 100% of your salary will be billable to the FTA. The salary is to be paid twice monthly, concurrent with JMCPA payroll.

You will receive a performance and salary review annually. The date of your first review will be February 20, 1998.

Benefits
You will be eligible to participate in all JMCPA employee benefit programs. (See personnel manual enclosure). You will have three (3) weeks of paid vacation. On October 1, 1997 your vacation will be paid at 80% to coincide with the expected level of effort. We will reimburse you $163.40 for your *per month* health insurance costs. *MN*

Office Equipment
JMCPA will reimburse you for consumable office supplies (paper, ink, cartridge, files, envelopes, postage, shipping, etc.) that are used for the project, as the expenses are incurred. JMCPA will also reimburse you for direct expenses that are billed monthly, such as telephone calls, Internet Access (America On-Line), overnight shipping services, etc.

Travel
JMCPA will pay the annual fee for you to maintain a credit card to be used for business travel. Request for reimbursement for travel or other expenses should be filed according to company procedures and JMCPA will issue reimbursement within 15 business days.



Mrs. Maxine A. Marshall
February 24, 1997
Page No. 3

Clerical Support
JMCPA will provide or reimburse you for clerical support for maintaining project files, finalizing documents, arranging some logistics, etc. It is anticipated that you will require approximately 12-16 hours of clerical support per week, which will be billable to the project.

Employment Application
The enclosed forms must be completed and returned to me as soon as possible.

> Employment application
> Employment contract
> Independence Representation
> Form W-4 Employee's Withholding Allowance Certificate
> Form I-9 Employment Eligibility Verification *(attach copy of acceptable documents from List A or List B and List C)*
> Employee Information

Please review this letter and if it is true to your complete understanding of the terms and conditions of your employment, please sign the enclosed copy where indicated and return it to me as soon as possible.

Sincerely,

*John Milligan*

John Milligan, CPA


I agree to the terms of employment outlined above:

_____         _____2/24/97_____
Maxine A. Marshall                       Date

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maxine Marshall
2423 Killdeer St.
New Orleans, LA 70122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )    ☐ Yes

2. Article Number
*(Transfer from service label)*

7005 2570 0000 0032 5259

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jonathan Potts
2423 Killdeer St.
New Orleans, LA 70122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )    ☐ Yes

2. Article Number
*(Transfer from service label)*

7005 0390 0003 4375 5906

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The DMP Group Inc.
2433 Killdeer St.
New Orleans, LA 70122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name )
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0003 4375 5890

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Interactive Elements, Inc.
342 Madison Avenue
New York, New York
10173

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name )
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0003 4375 5883

PS Form 3811, February 2004     Domestic Return Receipt

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILLIGAN AND COMPANY, LLC | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )      Civil Action No. |
| | ) |
| MAXINE MARSHALL, et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

To:    Plaintiff Milligan and Company, LLC

YOU ARE HEREBY NOTIFIED that defendant Interactive Elements, Inc., with the

consent of defendants Maxine Marshall, Jonathan Potts and the DMP Group, Inc., has removed

the case styled *Milligan and Company, LLC v. Marshall et al.*, Civil Action No. 003076 to the

United States District Court for the Eastern District of Pennsylvania.

Paul G. Nofer, I.D. No. 52241
Dawn N. Zubrick, I.D. No. 90732
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
260 South Broad Street
Philadelphia, Pennsylvania 19102
Telephone No.: (215) 569-3287
pnofer@Klehr.com

*Attorney for Defendant Interactive Elements, Inc.*

Of Counsel

Matthew D. Schwartz, Esquire
Ryan K. Manger, Esquire
  THOMPSON COBURN LLP
  1909 K Street, N.W., Suite 600
  Washington, D.C. 20006-1167
  (202) 585-6900 (telephone)
  (202) 585-6969 (facsimile)

*Attorneys for Defendant Interactive Elements, Inc.*

Dated: February 14, 2006

# EXHIBIT C

Paul G. Nofer
pnofer@Klehr.com
Identification No.: 52241
KLEHR, HARRISON, HARVEY,              Attorney for Defendant
BRANZBURG & ELLERS LLP                Interactive Elements, Inc.
260 South Broad Street
Philadelphia, Pennsylvania 19102
Telephone No.: (215) 569-3287

| | | |
|---|---|---|
| Milligan and Company, LLC | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| | : | |
| v. | : | January Term, 2006 |
| | : | |
| Maxine Marshall, et al. | : | No. 03076 |
| | : | |
| Defendants. | : | COMMERCE PROGRAM |

To:   The Prothonotary of the Court of Common Pleas of
      Philadelphia County

      Pursuant to 28 U.S.C. § 1446(d), defendant Interactive Elements, Inc. files herewith a

copy of the Notice of Removal filed in the United States District Court for the Eastern District of

Pennsylvania on the 14th day of February, 2006.

                                        Paul G. Nofer
                                        *Attorney for Defendant Interactive Elements, Inc.*

Dated:  February 14, 2006

Of Counsel

Matthew D. Schwartz, Esquire
Ryan K. Manger, Esquire
   THOMPSON COBURN LLP
   1909 K Street, N.W., Suite 600
   Washington, D.C. 20006-1167
   (202) 585-6900 (telephone)
   (202) 585-6969 (facsimile)

*Attorneys for Defendant Interactive Elements, Inc.*

PHIL1 660927-1

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MILLIGAN AND COMPANY, LLC | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
| MAXINE MARSHALL, et al., | ) | |
|  | ) | |
| *Defendants.* | ) | |
|  | ) | |

CONSENT TO REMOVAL

Defendants Maxine Marshall, Jonathan Potts and the DMP Group, Inc., by and through

their attorney, consent to the Notice of Removal filed by Defendant Interactive Elements, Inc. in

the United States District Court for the Eastern District of Pennsylvania for removal of an action

pending in the Philadelphia County Court of Common Pleas styled *Milligan and Company, LLC*

*v. Marshall et al.*, Civil Action No. 003076.


Respectfully Submitted,


Clarence Roby, Esquire
LAW OFFICE OF CLARENCE ROBY, A.P.L.C.
3701 Canal Street
New Orleans, Louisiana  70119
(504) 289-7145 (telephone)
(504) 299-2991 (facsimile)

*Attorney for Defendants Maxine Marshall, Jonathan Potts
and the DMP Group, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 14, 2006, a copy of the Notice

of Removal and all accompanying papers was sent by First Class mail, postage prepaid, to the

following:

Gina M. Zippili
Long, Marmero & Mayer, LLP
75 Cooper Street
Woodbury, NJ 08096
*Counsel for Plaintiff*

Clarence Roby, Esquire
Law Office of Clarence Roby, A.P.L.C.
3701 Canal Street
New Orleans, LA 70119

*Attorney for Defendants Maxine Marshall,*
*Jonathan Potts and the DMP Group, Inc.*

Dawn N. Zubrick

PHIL1 660910-1